```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

DANI APONTE,

                        Plaintiff,          **FIRST AMENDED**
                                            **COMPLAINT**
           -against-

THE CITY OF NEW YORK; COMMISSIONER           09-cv-4300-WHP
RAYMOND W. KELLY; SGT. LUIS PINEIRO,
Shield # 05314; DET. JUGONY ROSADO,          ECF Case
Shield # 5109 a/k/a DET. JUGOUNY ROSADO;
DET. MORGAN JONES, Shield # 04167; DET.      Jury Trial Demanded
CHRISTINA BYLON, Shield # 03247; DET.
MADELINE MELENDEZ, Shield # 06312; DET.
EDMOND HAYES, Shield # 03495; DET.
MICHAEL CALLOWAY, Shield # 04574; DET.
WILLUS MURRAY, Shield # 00375; and DET.
RICHARD THOMPSON, Shield # 07195 the
individual defendants sued individually
and in their official capacities,

                        Defendants.

------------------------------------ X
```

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983, and 1985(3) the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident(s), which occurred on or about February 15, 2008. During the incident(s) the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, malicious prosecution, unlawful search and

seizure, retaliation for free speech, conspiracy, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.   Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.   Plaintiff Dani Aponte is a resident of the State of New York, New York County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Luis Pineiro is a New York City Police Detective Sergeant, assigned Shield # 05314, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

9. Defendant Jugony Rosado a/k/a Jugouny Rosado is a New York City Police Detective, assigned Shield # 05109, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

10. Defendant Morgan Jones is a New York City Police Detective, assigned Shield # 04167, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

11. Defendant Christina Bylon is a New York City Police Detective, assigned Shield # 03247, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

12. Defendant Madeline Melendez is a New York City Police Detective, assigned Shield # 06312, employed with the

"NBMN" located in New York, New York who violated plaintiff's rights as described herein.

13. Defendant Edmond Hayes is a New York City Police Detective, assigned Shield # 03495, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

14. Defendant Michael Calloway is a New York City Police Detective, assigned Shield # 04574, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

15. Defendant Willus Murray is a New York City Police Detective, assigned Shield # 00375, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

16. Defendant Richard Thompson is a New York City Police Detective, assigned Shield # 07195, employed with the "NBMN" located in New York, New York who violated plaintiff's rights as described herein.

17. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

18. The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's

4

claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

19.  On February 15, 2008 at approximately 6:00 a.m., at and in the vicinity of 2386 2nd Avenue, Apt. # 1904, New York, New York, several police officers operating from the "NBMN", including upon information and belief defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, at times acting in concert and at times acting independently committed the following illegal acts against the plaintiff.

20.  On February 15, 2008 at approximately 6:00 a.m., at and in the vicinity of 2386 2nd Avenue, Apt. # 1904, New York, New York, several police officers operating from the "NBMN", including upon information and belief defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully entered 2386 2nd Avenue, Apt. # 1904, New York, New York.

21.  While entering Apt. # 1904, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, maliciously and unnecessarily broke down the

door, entered the apartment with shields and helmets, and drew their firearms at plaintiff and her family, including her minor children.

  22. Once defendants entered Apt. # 1904, plaintiff was not free to disregard the questions of the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, or walk way or leave the scene.

  23. While inside Apt. # 1904, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

  24. During the arrest of plaintiff, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, maliciously, gratuitously, and unnecessarily grabbed plaintiff while in her underwear, shoved plaintiff against a wall, twisted plaintiff's arms, and placed excessively tight handcuffs on plaintiff's wrists.  Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

25. The police officers, including Det. Rosado, searched plaintiff and found no evidence of weapons, contraband, narcotics, or illegal activity on her person.

26. Additionally, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, unreasonably, unnecessarily, and retaliatory kept plaintiff in handcuffs while they searched the apartment.

27. While searching the apartment, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, unreasonably, maliciously, and unnecessarily damaged plaintiff's personal property, furniture and fixtures, including a closet door, a chandelier, washing machine, piano, mattress, X-Box video game, and children's dolls.

28. Furthermore, during their search of the apartment, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, unreasonably, maliciously, and unnecessarily stole and converted plaintiff's property, including music CDs, jewelry, and a laptop computer.

29. Thereafter, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, transported plaintiff to the 23rd Precinct, before having her transferred to Manhattan Central Booking for further processing.

30. While plaintiff was held at Manhattan Central Booking, she was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

31. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

32. While plaintiff was incarcerated at the 23rd Precinct and Central Booking awaiting arraignment, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed a crime; and based on the these false allegations the New York County District Attorney's Office initiated a prosecution against plaintiff, under Docket Number 2008NY012437.

33. To cover up their misconduct, the police officers, including defendants Sgt. Pineiro, Det. Rosado, Det.

Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, intentionally, knowingly and purposely provided false statements and information to cause plaintiff to be prosecuted.

34.  The police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, initiated the above-stated malicious prosecution(s) against plaintiff.

35.  The police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

36.  The police officers, including defendants Sgt. Pineiro, Det. Rosado, Det. Jones, Det. Bylon, Det. Melendez, Det. Hayes, Det. Calloway, Det. Murray, and Det. Thompson, acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

37.  The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

38.  The above-stated malicious prosecution terminated in plaintiff's favor when the case against plaintiff was dismissed in its entirety on or about October 17, 2008.

39. The aforesaid events are not an isolated incident. Defendant City of New York and Commissioner Raymond W. Kelly were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to obtain and execute a search warrant, conduct a search, use force, investigate an incident, and how to treat innocent and/or uninvolved individuals who are found at an incident location or investigation.

40. Defendants City of New York and Commissioner Raymond W. Kelly are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York and Commissioner Raymond W. Kelly have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

41. Moreover, defendants City of New York and Commissioner Raymond W. Kelly were aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, City of New York and Commissioner Raymond W. Kelly have retained these officers, and failed to adequately train and supervise them.

42. The individual defendant(s) acted in concert committing the above-described illegal acts toward plaintiff.

43. Plaintiff did not resist arrest at any time during the above incidents.

44. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

45. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

46. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

47. As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, malicious prosecution, unlawful search and seizure, retaliation for free speech, conspiracy, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

50. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by committing false arrest, excessive force, malicious prosecution, unlawful search and seizure, retaliation for free speech, conspiracy, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

51. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said

defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1985(3); and the First Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

52.  As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

53.  The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL CLAIMS AGAINST DEFENDANT KELLY**

54.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55.  Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

56. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

57. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

58. The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass, assault and violate those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

59. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

14

60. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK**

61. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62. The City of New York directly caused the constitutional violations suffered by plaintiff.

63. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

64. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, and violate individuals

15

without consequence.  Indeed, when individuals file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

      65.   The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

      66.   Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

67. As a direct and proximate result of the City of New York's misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   New York, New York
         October 15, 2009

                        MICHAEL HUESTON, ESQ.
                        *Attorney for Plaintiff*
                        350 Fifth Avenue, Suite 4810
                        New York, New York 10118
                        (212) 643-2900
                        mhueston@nyc.rr.com
                        By:


                        ____s/_____
                        MICHAEL O. HUESTON